REVISED October 30, 2008

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-11241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ZODERICK DROSSON JACKSON, also known as Z

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-76-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Zoderick Drosson Jackson pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of a substance or mixture containing a detectable amount of cocaine base. The district court imposed a below-guideline sentence of 25 years in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jackson contends that because the record clearly reflects that the district court believed that it had no discretion to consider his alleged cooperation in the absence of a U.S.S.G. § 5K1.1 motion, the district court effectively rendered the Guidelines mandatory, in violation of United States v. Booker, 543 U.S. 220 (2005). He also argues that the district court violated Booker because it sentenced him in a regime that limited its ability to vary from the Guidelines on the basis of sentencing disparities between codefendants.

When reviewing the reasonableness of a sentence, we must first ensure that the district court committed no significant procedural error, such as failing to calculate or properly calculate the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, basing a sentence on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall v. United States, 128 S. Ct. 586, 597 (2007). If the sentence is procedurally sound, we must then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. Id. A district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

Contrary to Jackson's assertions, the record reflects that the district court considered the Guidelines to be advisory and considered Jackson's cooperation with the Government and the sentences of his codefendants in determining an appropriate sentence. Thus, there were no Booker violations.

Jackson avers that the district court clearly erred in finding that he possessed a firearm for purposes of U.S.S.G. § 2D1.1. Given that the firearms were found in close proximity to the drugs and drug paraphernalia, it was not clearly improbable that the firearms were connected with the offense. See United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991).

Jackson contends that the district court erred in including in the drug quantity calculation the 80.4 grams of crack found in his refrigerator. Jackson

avers that there was no finding by the district court that he was engaged in a conspiracy or jointly undertaken distribution activity with Thomas Gus Wright, who he contended was the owner of the drugs, or that he (Jackson) possessed the drugs in pursuit of the goals of the conspiracy.

Because the district court found that the 80.4 grams of crack belonged to Jackson, the district court held him accountable for the drug with which he was directly involved and not as drugs attributable to him through the conspiracy. Thus, the district court was not required to find that Jackson was engaged in a conspiracy with Wright or that his possession was in furtherance of a jointly undertaken criminal activity. See United States v. Carreon, 11 F.3d 1225, 1230 (5th Cir. 1994). The district court's drug quantity attribution was not clearly erroneous. United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).

Jackson argues that the district court clearly erred by applying the three-level enhancement for his role in the offense pursuant to U.S.S.G. § 3B1.1(b). The record contains sufficient reliable evidence to support the district court's finding that Jackson was a manager or supervisor of a criminal activity that involved five or more participants. See § 3B1.1(b); United States v. Fullword, 342 F.3d 409, 415 (5th Cir. 2003).

We also reject Jackson's argument that the preponderance of the evidence standard employed by the district court in resolving disputed sentencing issues violated his Sixth Amendment rights. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005).

Jackson contends that his below-guideline sentence is unreasonable because it fails to properly account for the § 3553(a) factors. The record shows that the district court considered the § 3553(a) factors. Jackson's appellate argument is, in essence, that this court should reweigh the § 3553(a) factors. That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 128 S. Ct. at 597.

We acknowledge that during the pendency of Jackson's appeal, the Sentencing Commission enacted Amendment 715 to § 2D1.1, revising the manner in which combined offense levels are determined in cases involving cocaine base and one or more other controlled substances. U.S. SENTENCING GUIDELINES MANUAL, app. C (2008). Our holding in the present case does not preclude future consideration of this issue in a motion to the district court pursuant to 18 U.S.C. § 3582(c).

AFFIRMED.